UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Case No. 2:17-cr-20053-1

  Plaintiff,

             HONORABLE STEPHEN J. MURPHY, III

v.

CHERYL CHEATHAM,

  Defendant.
             /

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [398]

Defendant Cheryl Cheatham moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 398. In a form motion, Defendant argued that the Court should reduce her sentence because she has serious medical conditions, is over 65 years old, and is "experiencing a serious deterioration in physical or mental health because of the aging process." *Id.* at 2974. Defendant argues that she has osteoarthritis, schizophrenia, bipolar disorder, lumbar spinal issues, and COPD asthma with emphysema, and that she has already had, and recovered from, COVID-19. *Id.* at 2976.

The Government responded that Defendant's COVID-19 fears do not warrant a sentence reduction as an "extraordinary and compelling reason" under the First Step Act. ECF 402, PgID 3003–13. After all, as of April 30, 2021, Defendant is fully vaccinated from COVID-19. *Id.* at 3009. Additionally, Defendant was diagnosed with, and fully recovered from, COVID-19. *Id.* at 3007–08; ECF 403, PgID 3026–31 (under

1

seal). Based on those two factors, the Court will deny the compassionate release motion.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) she has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the BOP to bring a motion on her behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted her request for compassionate release based on her health, ECF 402-3, PgID 3023, she must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claim about health complications from COVID-19 are not extraordinary and compelling for two reasons. First Defendant's concern of COVID-19 reinfection is overblown. The existing scientific consensus does not support Defendant's COVID-19 concerns. Research from the National Institutes of Health ("NIH") has explained that ninety-five percent of individuals who recover from COVID-19 have up to eight months immunity to the virus. *See Lasting Immunity Found After Recovery From COVID-19*, NIH, (Jan. 26, 2021), https://bit.ly/3gMF0vA,

3

[https://perma.cc/M8CF-975E]. Other courts in the Eastern District of Michigan have reviewed the scientific literature and found that the extremely low COVID-19 reinfection risk is not an extraordinary and compelling reason under the First Step Act. *See United States v. Mungarro*, No. 07-20076, 2020 WL 6557972, at *3 (E.D. Mich. Nov. 19, 2020); *United States v. Lawrence*, No. 17-20259, 2020 WL 5944463, at *2 (E.D. Mich. Oct. 7, 2020) (collecting cases).

Second, Defendant is fully vaccinated from the COVID-19 virus because she has received both Moderna vaccine shots. ECF 402, PgID 3009, ECF 402-4. "[T]he Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). Because Defendant is vaccinated against COVID-19, her "susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *Id.* "Indeed, Courts in the Eastern District of Michigan routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of their fear of contracting COVID-19." *United States v. Collier*, 15-cr-20774-1, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (collecting cases). On these bases, the Court will deny the compassionate release motion because Defendant has not shown that there are any extraordinary and compelling reasons for release.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to reduce sentence [398] is **DENIED**.

**SO ORDERED.**

                                               s/ Stephen J. Murphy, III
                                               STEPHEN J. MURPHY, III
                                               United States District Judge

Dated: May 3, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 3, 2021, by electronic and/or ordinary mail.

                                               s/ David P. Parker
                                             Case Manager