UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

CHERYL CHEATHAM,

           Defendant.
_____/

Case No. 2:17-cr-20053-1

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [408]

The Court denied Defendant's motion for compassionate release because, among other reasons, she is fully vaccinated against COVID-19. ECF 303, PgID 3467. Defendant now asks for compassionate release based on a fear of post-vaccination infection. The Court reviewed the briefing and finds that a government response and hearing are unnecessary. E.D. Mich. LR 7.1(f). For the following reasons, the Court will deny the motion.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) she has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the BOP to bring a motion on her behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted her request for compassionate release based on her health, ECF 402-

1

3, PgID 3023, she must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of

2

the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

Defendant's concerns about post-vaccination infection are not extraordinary and compelling. To support her argument, Defendant cites *United States v. Sweet*, No. 07-20369, 2021 WL 1430836 (E.D. Mich. Apr. 15, 2021), for the proposition that an inmate may be susceptible to COVID-19 even after receiving a vaccination. ECF 408, PgID 3480–81. But the Court, like other courts, will decline to follow *Sweet* and adhere to the well-established point that there is no extraordinary and compelling reason to grand a vaccinated inmate compassionate release. *See, e.g.*, *United States v. Smith*, --- F. Supp. 3d ---, 2021 WL 1890770, at *5 (E.D. Cal. May 11, 2021) (declining to follow *Sweet*). As the Court noted in the previous order denying Defendant's motion for compassionate release, Defendant received both doses of the Moderna vaccination. ECF 404, PgID 3466. And "[t]he Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials." *Id.* (quoting *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021)). And because Defendant is fully vaccinated from "COVID-19, her 'susceptibility to the disease is [not] extraordinary and compelling for purposes of § 3582(c)(1)(A).'" *Id.* (quoting *Smith*, 2021 WL 364636, at *2). In sum, the Court will apply the same law as several other courts in the Eastern District of Michigan and

find that Defendant does not have an extraordinary and compelling reason for release based on COVID-19 because she is fully vaccinated. *United States v. Collier*, 15-cr-20074-1, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (collecting cases). The Court will therefore deny Defendant's second motion for compassionate release.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's second motion to reduce sentence [408] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 29, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 29, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager