UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

                Plaintiff,              Criminal Case No. 17-CR-20053

v.

                                      Honorable Stephen J. Murphy, III

D-1    Cheryl Cheatham,

                Defendant.

### United States' Response Opposing
### the Defendant's Successive Motion for Compassionate Release (ECF No. 422)

This Court has already refused to release Cheatham from prison prematurely for her extensive drug trafficking activity. (ECF No. 404). That denial, in the midst of the pandemic was based in part on Cheatham's concerns about COVID-19, but was also based a rejection that she could not render self-care due to physical and mental deterioration and aging. Now Cheatham has renewed her request for release based on her claimed inability to provide selfcare for a variety of the same medical conditions she already raised. But Cheatham has a high burden to show her circumstances are extraordinary and compelling under 18 U.S.C. § 3582(c), which she cannot meet, and her motion must be denied.

## Procedural History

On August 28, 2017, Cheatham pleaded guilty to conspiring to distribute at least five kilograms of cocaine which required her to serve a minimum of ten years in prison. (ECF No. 73). On December 20, 2017, the Court sentenced her to 144 months (12 years) imprisonment. (ECF No. 116). In March 2021, Cheatham moved for compassionate release based on her age and deteriorating health. (ECF No. 398). The government opposed the motion. (ECF No. 402). The Court denied Cheatham's motion, acknowledging Cheatham's cited mental health history and other ailments, but primarily focusing on Cheatham's recovery from COVID-19 and vaccination against the virus, as failing to show her circumstances were extraordinary and compelling. (ECF No.404).

In August of 2023, Cheatham renewed her motion for compassionate release and the Court ordered the government to respond. (ECF Nos. 422, 423). The Court should again deny Cheatham's motion. Cheatham's renewed motion presents no new circumstances that would alter the Court's prior ruling.

## Argument

### A. Cheatham did not exhaust her administrative remedies.

Defendant initiated motions for compassionate release mandate an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). A district court may not grant a defendant's motion for

compassionate release unless the defendant files it after the earlier of (1) the defendant fully exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A); *Alam*, 960 F.3d at 832 (6th Cir. 2020).

Cheatham did not include a new letter to the warden. She asserts she exhausted her administrative remedies based on June 2, 2020, and July 14, 2020, letters, (PageID.3537) which predated this Court's original denial of compassionate release in May 2021. (ECF No. 404). That means Cheatham failed to readdress her compassionate release request to the warden based on her renewed health concerns. (ECF No. 402-3).

Case law on whether Cheatham meets the exhaustion requirement is unsettled. See *United States v. Cain*, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) ("Successive compassionate release motions must independently satisfy the exhaustion requirement. . . . . Even though Mr. Cain made a similar request for release in August 2020, these factors may well have changed in the ensuing months and the statute contemplates that the warden be given an opportunity to make an internal assessment based on then current conditions."); *United States v. Goodwin*, 2020 WL 7316110, at *2 (E.D. Mich. Dec. 10, 2020) (when presenting a successive motion based on new grounds, the defendant must exhaust again); See

also *United States v. McIntosh*, 2020 WL 7312176 (C.D. Ill. Dec. 11, 2020) (in lengthy discussion, court holds that a defendant need not exhaust again "if the compassionate release motion is based on grounds substantially similar to the grounds for the initial administrative request," as where the new motion "merely updates the 'extraordinary and compelling reasons' advanced in his initial administrative request to reflect the danger posed to him by the COVID-19 pandemic."). The better view is to require Cheatham to exhaust and readdress her health issues with the warden to allow the BOP to again assess her claim before filing a motion with the Court. Regardless, Cheatham's motion should again be denied on the merits.

### B. Cheatham cannot show her circumstances are extraordinary and compelling.

Cheatham has a high burden to show that her circumstances meet the test for compassionate release, and she cannot meet that standard. See *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021); *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *United States v. Heromin*, 2019 WL 2411311 (M.D. Fla. June 7, 2019). Before the COVID-19 pandemic, an inmate's request (who was under the age of 65) for compassionate release based on extraordinary and compelling circumstances ordinarily related to extreme medical conditions. While the Sixth Circuit has recognized that district courts have the discretion to define "extraordinary and compelling," the sentencing guideline definitions of qualifying

4

conditions are informative. See *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). The sentencing guidelines define extraordinary and compelling as a terminal illness ("a serious and advanced illness with an end-of-life trajectory,") or "a serious physical or medical condition…that substantially diminished the defendant's ability to provide self-care in the environment of a correctional facility and from which [she] is not expected to recover." See § 1B1.13 App. Note. 1(A)(i) and (ii). Inmates, like Cheatham[1], who are at least 65 years old can seek compassionate release if they (1) have serious mental of physical deterioration due to aging and (2) have served at least 10 years or 75% of their sentence, whichever is less. See § 1B1.13 App. Note. 1(B).

Cheatham has not yet served ten years imprisonment (PageID.3537). Nor has she served 108 months (nine years) imprisonment yet, which would be 75% of her 144 months sentence. *Id*. Therefore, she does not qualify for compassionate release based on age and serious physical or mental deterioration alone. That means Cheatham is left to prove her medical condition renders her incapable of providing self-care within a correctional facility, a burden she cannot meet.

Courts treat compassionate release "due to medical conditions [a]s…a rare event…typically…after [prisoners] [serve] a significant term of incarceration."

---

[1] Cheatham is 70 years old. See BOP medical records for DOB beginning at PageID.3541.

*United States v. Willis*, 382 F.Supp.3d 1185, 1188-89, (D.N.M 2019) citing cases.

Despite her statement that she is often disheveled, and goes without eating,

sleeping, or using the bathroom due to her mental illness (PageID.3538), the

medical records Cheatham provided do not support that she is unable to provide

self-care. The medical records Cheatham provided primarily document her

admission to the hospital in 2020 due to complications from COVID-19.

(PageID.3553-3609). Cheatham has since recovered, and the Court previously

found that her contracting COVID-19 was not a basis for release. (ECF No. 404).

The only other records Cheatham provided are from a March 2021 encounter with

BOP medical staff who indicated Cheatham was familiar to them, appeared "alert

and oriented," and referenced her treatment, particularly for her mental health as

"stable." (PageID.3541-42). None of this satisfies Cheatham's burden to show she

is unable to provide self-care.

Without support, Cheatham also claims that undersigned counsel and her

defense attorney, Marlon Evans, were married and that everyone knew it, but her.

(PageID.3537). This is neither factually accurate, nor has she shown that if it were

that it would be a basis for relief under 18 U.S.C. § 3582(c).

**C. The sentencing factors still do not support releasing Cheatham early.**

Because Cheatham has failed to present extraordinary and compelling reasons

for release the Court is not required to address the sentencing factors. *United States*

*v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). That being said, Cheatham's offense

was serious—so serious that Congress mandated a minimum sentence of ten years

imprisonment. The Court should not undermine that by releasing Cheatham early.

And Cheatham's remaining sentence—until 2026—weighs against release. See

https://www.bop.gov/inmateloc/. The compassionate release statute requires that

the defendant's reasons for release "warrant such a reduction" in her sentence. 18

U.S.C. § 3582 (c)(1)(A)(i). That inquiry depends, at least in part, on the length of

time remaining on the defendant's sentence, requiring her to justify the magnitude

of her requested sentence reduction. *Id.* Cheatham has failed to do that.

Cheatham's age and health conditions do not undermine the continued need to

protect the public from her future crimes. Despite her pre-existing physical

conditions and mental health issues, Cheatham committed the instant offense well

into her 60s. And at the time this Court sentenced her to 12 years in prison,

Cheatham already had a lengthy criminal history that included six prior felony

convictions. (PSR ¶ 98). While the nature of the convictions (shop lifting) are not

the most eggregious offenses, Cheatham's contact with law enforcement and

criminal history is extensive, spanning 30 years of her adult life. Cheatham was

repeatedly placed under court supervision, but continued to engage in criminal

conduct. (*Id*. ¶ 40).

Cheatham's record casts doubt on whether she would abide by release

conditions if released from custody and the sentencing factors are an independent

basis to deny her renewed request for release.

## Conclusion

For the above stated reasons, the Court should deny Cheatham's motion.

Respectfully submitted,

Dawn N. Ison
United States Attorney

s/ Andrea Hutting
Andrea Hutting
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
313-226-9110 phone
andrea.hutting@usdoj.gov
P68606

Dated: September 5, 2023

CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system and

mailed a copy of this response to the defendant as follows:

Cheryl Cheatham
Inmate # 55071-039
FCI Victorville Medium I
PO Box 3725
Adelanto, CA 92301

<div align="center" style="margin-left:40%">

s/Andrea Hutting
Andrea Hutting
Assistant United States Attorney

</div>

9